William N. Gemmill, Appellee, v. Warren Springer, Appellant.

Gen. No. 14,495.

VERDICTS—*when set aside as against the evidence.* A verdict clearly against the preponderance of the evidence will be set aside on review, unless the impropriety of the verdict is merely as to the amount thereof, in which case a *remittitur* will be required as a condition to affirmance.

*Assumpsit.* Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed on *remittitur.* Opinion filed October 29, 1909. *Remittitur* filed and judgment affirmed November 6, 1909.

DOUGLAS C. GREGG and WILLIAM J. AMMEN, for appellant.

MORSE IVES, for appellee.

MR. JUSTICE MACK delivered the opinion of the court.

The controversy in this case resolves itself into a consideration rather of the facts than of the law. The suit is one for the recovery of a balance due for attorney's fees. The controversy is mainly in respect to the amount due for services rendered the appellant by the appellee in securing the quashing of an indictment in a criminal case. The jury and the trial judge have accepted the appellee's version of the facts, and the jury was ready to give appellee $2000 more than he himself claimed. There can be no question but that this first verdict was due to the fact that defendant had concealed from the plaintiff a perfectly clear and liquidated obligation of the defendant to him in the sum of $500 which plaintiff had forgotten, and was ready at all times to take advantage of this oversight; due also to certain evidence bearing strongly on the defendant's general character, much of which was improperly and eagerly set forth by the plaintiff in the course of his testimony, despite repeated objections and cautions to answer the exact questions propounded; due too to the skillful advantage taken by counsel in his closing argument of the $500 episode, and of this last-mentioned testimony.

The court, however, on the return of the verdict, annulled it and gave the jury further instructions upon which they promptly returned a verdict for the entire amount claimed by the plaintiff. We find no error in the method adopted by the court in this respect; but we are nevertheless unable to confirm the verdict of the jury and the judgment of the trial court assuming wherever there is a conflict that the plaintiff's version is correct.

The situation is this: plaintiff was defendant's attorney for a number of years at a salary of $100 a month, a salary for which he performed important services in extremely important civil cases involving large amounts and the expenditure of a great deal of time. He was, according to his own admission, inexperienced in criminal matters and was retained to se-

cure the quashing of an indictment after three of the leading criminal lawyers of the city had been consulted and had advised either that the indictment could not be quashed or that it was inadvisable to attempt to quash the same. He was, according to his version, to be paid ordinary fees for this service in addition to the $100 per month for his work in civil cases. His testimony is that he devoted at least four solid months in a period of six months to the preparation for the argument and for the trial in case the motion should be overruled. He kept no books and no memoranda of the time that he devoted to the case. He was successful in having the indictment quashed. His own testimony is that the time expended was reasonably necessary and that the reasonable and customary value of such services was at least $3000. His expert witnesses, on a hypothetical question assuming all that he had done and the time consumed in doing it to have been reasonably necessary, placed the value of the services at from $2500 to $5000. Expert witnesss for the defendant testified that from one to two weeks would have been amply sufficient for a lawyer of fair skill and practice in the criminal law to prepare for the motion, and that services so rendered for such a period would have been reasonably worth at the most $500. Plaintiff brought forward no evidence of any witnesses that the amount of time expended by him was reasonably necessary for the preparation for the hearing on the motion to quash and there is not a word of testimony in the case that he was retained to try the case if the motion to quash should be overruled. Under these circumstances we are of the opinion that the clear preponderance of the evidence is that the amount of time expended by the plaintiff was not reasonably necessary for a lawyer of reasonable skill in the criminal law, and that therefore the testimony as to the value of services based upon the expenditure of four months' time must be disregarded. In this aspect

of the case the highest amount that the plaintiff could claim for this work would therefore be $500.

But more than this; no sum was mentioned as between the parties until after the victory. Some time thereafter, in discussing the state of the accounts between them the plaintiff, making a memorandum of the various items for the defendant's clerk, included therein the sum of $500 for the services in the criminal case. His statement, contradicted by the other side, is that he drew a circle around the $500 and stated that he would accept that amount for his services only if the entire account was then settled, which was not done. At a later period he again stated that he would accept $500 if the account was then settled, but that if it was not then settled he would increase it to $1000, and subsequently, the account not having been settled, he demanded whatever a jury would give him. There is a very considerable conflict in the testimony as to whether the circle around the $500 was put there by the plaintiff and for the purpose stated by him, or whether it was put there for an entirely different purpose at a much later time. If the plaintiff's version is the correct one, the offer to take $500 would not limit the amount recoverable by him to this sum. Very shortly thereafter, however, and in the same month that this memorandum was made, the defendant wrote to the plaintiff discontinuing the monthly services. In answer thereto the plaintiff immediately replied: ''Now, I did tell Mr. Roberts that as soon as you paid me I would be very glad to cease doing all further work in your interest, but I am not enough of a fool to allow you on the last day of February, after you have gotten into my debt over $3000, a part of which you still persist in disputing, to send me the sort of a letter that you did, and think by so doing you can cancel any contract which exists between yourself and me in relation to fees.'' At the time this letter was written the defendant was indebted to the plaintiff in a little in excess of $2500, exclusive of the services in the criminal

case and exclusive of the $500 that the plaintiff at that time knew nothing about. The $3000 referred to in the letter could therefore be only the undisputed $2500 and $500 as the charge in the criminal case. Moreover, the part which the defendant still persisted in disputing could be only the $500 charged for the services in the criminal case inasmuch as the defendant's contention at all times was that no additional charge of any kind beyond the monthly salary was to be paid for these services. Whatever therefore may have been the conditions originally attached by the plaintiff to his charge of $500, we have here a clear and unequivocal statement that that amount was his claim in the criminal case. Under these circumstances, to permit him, because of the non-payment thereof, to increase the same to whatever sum a jury might award, would not be in accordance with law. We therefore cannot permit a judgment in which more than $500 for the services in the criminal case shall be allowed to stand. The additional $814 of the verdict includes the $100 per month from August 1, 1903, to May 31, 1904, in accordance with the bill of particulars, although the plaintiff stated in his testimony that he did not charge anything after the first day of May, 1904. One hundred dollars must therefore be deducted from this amount.

If within ten days the plaintiff shall remit so much of the judgment as is in excess of $1214 the judgment of the Superior Court will be affirmed; otherwise it will be reversed and the cause will be remanded.

*Affirmed on remittitur.*

November 6, 1909, *remittitur* filed and judgment affirmed.